IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLD J. FLEMING,

    Plaintiff,                       No. CIV S-04-2347 MCE DAD P

    vs.

DR. LINDNER,

    Defendant.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with this action. Before the court are defendant's second motion to dismiss, plaintiff's motion to cancel the order granting him permission to amend his complaint, plaintiff's motion for summary judgment, plaintiff's motion to impose sanctions, and plaintiff's motion for imposition of perjury charges.

        On November 18, 2004, the United States Marshal was directed to serve plaintiff's complaint on Dr. Lindner. The Marshal obtained a waiver of service of summons from Dr. Lindner and filed the waiver on February 16, 2005. On January 24, 2005, prior to Dr. Lindner's appearance in the case, plaintiff filed a motion for permission to amend together with an amended complaint. Plaintiff stated that "a Dr. Lindner, D.D.S. never has existed in this institution and does not exist now." His amended complaint names Dr. Garbutt as defendant in place of Dr. Lindner. On February 1, 2005, defendant Lindner filed a motion to dismiss for

failure to exhaust administrative remedies before bringing this action. The motion was served on plaintiff at DVI after plaintiff was transferred to Mule Creek State Prison.

On March 7, 2005, the court granted plaintiff's motion for permission to amend, gave plaintiff thirty days to file and serve an amended complaint naming all defendants he wishes to sue, directed defendant Lindner to re-serve a copy of his February 1, 2005 motion on plaintiff at his address of record, and denied defendant's motion to dismiss as moot in light of plaintiff's right to amend as a matter of right. The parties were advised that the court would screen plaintiff's amended complaint, determine whether it states cognizable claims against any defendant, and make such further orders as are appropriate.

Defendant has not filed a declaration of service reflecting that a copy of the February 1, 2005 motion to dismiss was re-served on plaintiff. Despite the court's order granting plaintiff thirty days to file an amended complaint and stating that the court will screen the new pleading, defendant filed a new motion to dismiss the original complaint. The renewed motion is dated March 9, 2005, and was served on plaintiff at Mule Creek State Prison. The renewed motion will be denied without prejudice as having been filed prematurely.

On March 14, 2005, the court received plaintiff's motion to cancel the order granting him leave to amend. Plaintiff indicates that he did not serve this motion, which is dated March 11, 2005, on defendant's counsel because he had not received any document from counsel and did not have counsel's address. The court will grant this motion and permit plaintiff to proceed on his original complaint.

On April 6, 2005, the court received plaintiff's one-page motion for summary judgment dated April 5, 2005. Plaintiff offers a conclusory assertion that prison officials prevented him from exhausting his administrative remedies in a timely manner. He contends that the court should award him the relief sought in his original complaint because defendant's counsel did not "re-serve a new motion to dismiss" or serve any motion "except the one that was dismissed as moot." Plaintiff's motion includes proof of service on defendant's counsel.

Plaintiff's conclusory assertions do not demonstrate that he is entitled to a judgment as a matter of law on the claims alleged in his complaint. See Fed. R. Civ. P. 56(c). Nor does the motion comply with the requirements of Local Rule 56-260. Plaintiff's motion will be denied without prejudice.

On April 21, 2005, the court received plaintiff's motion dated April 19, 2005, asking the court to impose sanctions on defendant and his attorney for serving another motion to dismiss that is the "same as the first" and refers to a defendant "Dr. Fleming." Plaintiff also asks the court to impose sanctions on defendant for continuing to use the case number initially assigned to this case. Plaintiff asserts that he "cannot answer a motion to dismiss that was ordered moot." Plaintiff cites Fed. R. Civ. P. 11-110." Plaintiff's assertions and citations fail to demonstrate that sanctions are warranted under Rule 11 of the Federal Rules of Civil Procedure or under Local Rule 11-110. The order reassigning this action and changing the case number was served on the parties on March 11, 2005, two days after defendant filed his second motion to dismiss. No document has been filed by defendant since March 9, 2005. To the extent that defendant's second motion to dismiss was filed in violation of the March 7, 2005 order, the court finds that denial of the motion as premature is a sufficient sanction. Defendant is cautioned that his renewed motion to dismiss should contain no references to "Dr. Fleming."

On September 6, 2005, the court received plaintiff's motion dated August 25, 2005, asking the court to impose perjury charges on defendant, his attorney, and the two prison officials whose declarations have been offered in support of defendant's second motion to dismiss. Plaintiff characterizes the declarations as stating "that plaintiff has never filed an appeal to second level or directors level." He asserts that he "has completed his appeal and exhausted all administrative remedies." Plaintiff offers a copy of his inmate appeal #DVI-04-2042, which he submitted to the second level on January 31, 2005, and to the director's level on February 23, 2005. In a declaration dated 2005, without indicating month and day but offered in support of defendant's March 9, 2005 motion to dismiss, R. Russell describes a search of the records of

3

appeals processed by the Appeal Office at DVI. Declarant states that one appeal, #DVI-04-2042, was found concerning the allegations of plaintiff's complaint and that no documentation was found in the DVI Appeal Office to indicate that plaintiff pursued his appeal to the second or third formal level. The record for this action reflects that plaintiff was transferred from DVI to Mule Creek State Prison in January 2005, and plaintiff's evidence shows that he pursued his appeal to the second and third levels at Mule Creek after his transfer. Plaintiff has therefore failed to demonstrate that the Russell declaration, which concerns only records maintained in the DVI Appeal Office, is perjured. In a declaration dated February 2005, without indicating the day, N. Grannis declares that a review of records maintained by the Inmate Appeals Branch in Sacramento found no appeal filed by plaintiff at the director's level that was accepted for review concerning Dr. Lindner's alleged refusal to treat plaintiff's dental problems. Declarant's review was performed on an unknown date in or prior to February 2005, and plaintiff's evidence shows that he submitted his appeal to the director's level on February 23, 2005. Plaintiff has therefore failed to demonstrate that the Grannis declaration contains a perjured statement concerning the existence of a third level appeal at the time of the declarant's review of the records. Plaintiff's motion to impose sanctions for perjury will be denied. Defendants are cautioned that their renewed motion to dismiss should be supported by properly dated declarations.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's March 9, 2005 motion to dismiss is denied without prejudice;

2. Plaintiff's March 14, 2005 motion to cancel amended complaint is granted, and this matter will now proceed on plaintiff's original complaint;

3. Plaintiff's April 6, 2005 motion for summary judgment is denied;

4. Plaintiff's April 21, 2005 motion to impose sanctions is denied;

---

[1] It appears that updated declarations offered in support of a renewed motion to dismiss will demonstrate that plaintiff was not prevented from exhausting administrative remedies on his claims against defendant Lindner and that plaintiff failed to exhaust administrative remedies prior to bringing this action.

5. Plaintiff's September 6, 2005 motion to impose perjury charges is denied;

6. Defendant Lindner's renewed motion to dismiss shall be filed and served within twenty days after service of this order;

7. Plaintiff's opposition to defendant's renewed motion to dismiss shall be filed and served within thirty days after the motion is served; and

8. Defendant's reply to opposition shall be filed and served within fifteen days after the opposition is served.

DATED: September 12, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
flem2347.mots

5