IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLD J. FLEMING,

    Plaintiff,                             No. CIV S-04-2347 MCE DAD P

    vs.

DR. LINDNER,

    Defendant.                          FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with this action. The matter is before the court on defendant's motion to dismiss this action for failure to exhaust administrative remedies before commencing the lawsuit. Also before the court is plaintiff's motion seeking injunctive relief.

BACKGROUND

        Plaintiff is now confined in Mule Creek State Prison ("MCSP"). This action concerns plaintiff's attempts to obtain dental care while confined in Deuel Vocational Institution ("DVI") in 2004. On November 8, 2004, the court determined that plaintiff's complaint states a cognizable claim for relief against Dr. Lindner, the sole defendant named in the complaint.

        On November 18, 2004, the court issued an order setting forth certain procedures governing prisoner cases in this court. The order advises plaintiff in detail of the requirements

1

for opposing a motion to dismiss for failure to exhaust administrative remedies made by a defendant pursuant to non-enumerated Rule 12(b).  (Order filed Nov. 18, 2004, at 3-4.)

On January 24, 2005, prior to Dr. Lindner's appearance in the action, plaintiff filed a motion for leave to amend his complaint.  The motion was accompanied by a proposed amended complaint naming another defendant in place of Dr. Lindner.  On February 1, 2005, defendant Lindner filed a motion to dismiss this action.  The court granted plaintiff's motion to amend and denied the motion to dismiss as moot.  After defendant Lindner filed a second motion to dismiss, plaintiff moved to withdraw his amended complaint and requested leave to proceed on the initial complaint.  Plaintiff also moved for summary judgment and for sanctions.  The court granted plaintiff leave to proceed on his initial complaint, denied all other pending motions, and directed defendant Lindner to file a renewed motion to dismiss the initial complaint.

Defendant Lindner filed his renewed motion to dismiss on October 3, 2005.  Plaintiff filed timely opposition along with his motion seeking injunctive relief.

## PLAINTIFF'S COMPLAINT

By his complaint dated October 22, 2004, plaintiff alleges as follows:  his dental plates were missing when he arrived at DVI on May 20, 2004; he has only 15 teeth left; without his dental plates, the inside of his mouth bleeds and he suffers severe jaw pain and sometimes headaches when he tries to chew; when he swallows food whole, it causes him to vomit.  Plaintiff claims that defendant Lindner denied him dental impressions, pain medication, and supplements to replace vitamins and nutrients lost by vomiting.  Plaintiff seeks an order requiring defendant Lindner to provide immediate dental care, including impressions for plates, medication for pain, and supplements to replace lost vitamins and nutrients.  Plaintiff also seeks compensatory and punitive damages for deliberate indifference to his dental needs.

By his entries on the complaint form, plaintiff alleges that there is a grievance procedure available at his institution, that he filed a grievance concerning the facts relating to this complaint, and that the grievance procedure was not completed.  On attached pages, plaintiff

declares that the appeal he filed on August 22, 2004, concerned an emergency dental situation
but he did not receive a response to his appeal until October 4, 2004. Plaintiff states that he
submitted his grievance to the formal level on October 5, 2004, because defendant Lindner
partially granted the appeal but refused plaintiff the immediate dental care he sought. Plaintiff
claims that defendant is trying to obstruct plaintiff's exhaustion of administrative remedies and
there is no expedited grievance procedure for a dental emergency.

Attached to the form complaint is a copy of plaintiff's appeal dated August 22, 2004, showing the response at the informal level, and plaintiff's appeal to the first formal level on October 5, 2004. The informal response, which appears to bear the signature of defendant Lindner, is as follows: "Partially granted. When you get to a mainline if you have enough time you should be able to get dentures made." (Compl., Ex. 1.)

## DEFENDANT'S MOTION TO DISMISS

I. <u>The Parties' Arguments and Evidence</u>

Defendant seeks dismissal of this action pursuant to the unenumerated portion of Rule 12(b) on the ground that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Defendant argues that plaintiff failed to exhaust available administrative remedies by failing to name defendant Lindner in the inmate appeal and by failing to obtain a director's level decision prior to filing this action. Defendant contends that this action should be dismissed with prejudice.

Defendant's evidence establishes the following facts: on August 22, 2004, plaintiff submitted a grievance concerning his dental care at DVI; the grievance was submitted to the first formal level on October 5, 2004; plaintiff was interviewed by the Chief Dentist at DVI on October 14, 2004; DVI staff responded to the grievance at the first formal level on November 19, 2004, partially granting the appeal; plaintiff was transferred to MCSP on January 31, 2005, and submitted his grievance to the second formal level after he arrived at MCSP; MCSP responded to the grievance at the second formal level on February 17, 2005, partially granting the

Case 2:04-cv-02347-MCE-DAD   Document 30   Filed 12/05/05   Page 4 of 9


1 appeal; the grievance was received at the director's level on February 25, 2005; plaintiff was seen
2 by a dentist on March 16, 2005, and a dental plan was developed; a case conference was held
3 with the Medical Appeals Analyst at MCSP, on March 22,2005; the grievance was denied at the
4 director's level on April 25, 2005, thereby exhausting plaintiff's available administrative
5 remedies.  (Def.'s Mot. to Dismiss, Decls. of E.A. Reyes & T. Emigh.)

6       In opposition to defendant's motion, plaintiff asserts that administrative remedies
7 are supposed to be plain, speedy, and effective.  He argues that DVI and the CDC refused to
8 follow their rules and procedures by taking nine months to complete the grievance process while
9 he continued to suffer.  He contends that the process was unfair and ineffective and interfered
10 with his rights of speedy access to the courts.  Plaintiff offers argument concerning the merits of
11 his claims and asserts that the lack of dental care continues.  He argues that dismissal of this
12 action would be an injustice, would cause him to continue to suffer, and would allow the CDC to
13 continue violating his Eighth Amendment rights.

14 II. <u>Analysis</u>

15       By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42
16 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions
17 under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,
18 prison, or other correctional facility until such administrative remedies as are available are
19 exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about
20 prison life, whether they involve general circumstances or particular episodes, and whether they
21 allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).
22 Exhaustion of prison administrative procedures is mandated regardless of the relief offered
23 through such procedures. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).  Courts may read futility
24 or other exceptions into the statutory exhaustion requirement. <u>Id.</u> at 741 n.6.

25       In California, state regulations permit prisoners to appeal "any departmental
26 decision, action, condition, or policy which they can demonstrate as having an adverse effect

upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). In order to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a), a California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of administrative review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement creates a defense that a defendant may raise in an unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 & nn.9 & 13 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." Id. at 1120 n.14. If the court concludes that the prisoner has not exhausted administrative remedies on any claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

In the present case, the court's order filed November 18, 2004, provided plaintiff with notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by a defendant pursuant to non-enumerated Rule 12(b). The parties have offered evidence that appears to provide the complete factual record.

The record reflects that on October 5, 2004, plaintiff requested formal review of his inmate appeal because he was dissatisfied with the outcome at the informal level. On October 14, 2004, plaintiff was interviewed by DVI's Chief Dentist. It is plain that plaintiff was still pursuing available administrative remedies and that the institution was addressing plaintiff's

5

grievance when he signed his civil rights complaint on October 22, 2004, and forwarded it to the court for filing. Plaintiff's civil rights complaint correctly states that the grievance procedure was not completed when this lawsuit was commenced.

Plaintiff's argument concerning the slow progress of the administrative process is unpersuasive both factually and legally. On October 22, 2004, when plaintiff signed his civil rights complaint, he had been waiting for a response at the formal level for only two and a half weeks, and he had been interviewed by the Chief Dentist only eight days earlier. The response at the first formal level was completed on November 19, 2004, less than a month after plaintiff signed his civil rights complaint. While plaintiff's transfer from DVI to MCSP appears to have caused a delay, plaintiff continued to pursue administrative remedies by submitting his appeal to the second formal level on January 31, 2005. The appeal was partially granted at the second formal level on February 17, 2005, only seventeen days after plaintiff submitted it. Plaintiff submitted the appeal to the director's level on February 23, 2005. (See Pl.'s Sept. 6, 2005 Mot. for Imposition by the Court for Perjury Charges, Ex. B.) Plaintiff was seen by a dentist on March 16, 2005, a case conference was held on March 22, 2005, and a decision was issued at the director's level on April 25, 2005. This record of the progress of plaintiff's appeal through the formal levels does not support plaintiff's claim that institutional and departmental delay interfered with his right of access to the courts and justified the premature filing of this lawsuit.

Moreover, plaintiff is mistaken in his assertion that prison administrative remedies must be plain, speedy, and effective. Prior to April 1996, federal law provided that

> in any action brought pursuant to section 1983 of this title by an adult convicted of a crime confined in any jail, prison, or other correctional facility, the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period of not to exceed 180 days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available.

42 U.S.C. § 1997e(a)(1) (prior to 1996 amendment). The PLRA deleted both the court's option to stay an action pending exhaustion of administrative remedies and the requirement that

6

administrative remedies be plain, speedy, and effective. The law now provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (as amended).

Plaintiff is also mistaken in his assertion that the CDC has no expedited procedure for emergency grievances. "When circumstances are such that the regular appeal time limits may result in a threat to the appellant's safety or cause other serious and irreparable harm, the appeal shall be processed as an emergency appeal." Cal. Code Regs. tit. 15, § 3084.7(a)(1). Appeals submitted as emergency appeals must include substantiation of circumstances warranting emergency processing and must be submitted directly to the appeals coordinator rather than to the involved staff. Cal. Code Regs. tit. 15, §§ 3084.2(b) & 3084.7(a)(2). If the appeals coordinator determines that emergency processing is warranted, the first formal level is waived and the second formal level must be completed within five working days; if the appellant is dissatisfied, he may resubmit the appeal to the appeals coordinator, who will fax the appeal to the chief of inmate appeals for third level review within five working days. Cal. Code Regs. tit. 15, § 3084.7(a)(2)(B) & (C). If the appeals coordinator determines that emergency processing is unwarranted, the inmate will be notified and the appeal will be processed as a regular appeal. Cal. Code Regs. tit. 15, § 3084.7(a)(2)(A).

Defendant has met his burden of showing that plaintiff failed to exhaust available administrative remedies before he brought this suit. Plaintiff's opposition fails to demonstrate otherwise. Accordingly, the undersigned will recommend that this action be dismissed without prejudice. See McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam) (concluding that it would undermine attainment of congressional objectives to permit a prisoner to exhaust administrative remedies while proceeding with a federal suit).

/////

/////

PLAINTIFF'S MOTION SEEKING INJUNCTIVE RELIEF

By his one-page motion, plaintiff seeks an order requiring prison officials to provide him with immediate dental treatment, including impressions for dental plates, medication for pain, a complete soft diet, and such other treatment as might be necessary. Plaintiff asserts that he has been denied dental treatment for 17 months and his problems have worsened, causing him to suffer unnecessary and wanton infliction of pain. Pursuant to the court's November 18, 2004 order, defendant is not required to respond to this motion unless directed to do so.

The legal principles applicable to requests for injunctive relief are well established. To prevail, the moving party must show a likelihood of success on the merits of his claims and the possibility of irreparable injury if injunctive relief is not granted, or he must demonstrate that serious questions are raised and the balance of hardships tips sharply in his favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). These two formulations represent points on a sliding scale, with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In general, the court is unable to issue an order against individuals who are not parties to the suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). When an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot. See Sample v. Borg, 870 F.2d 563, 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986).

The defendant in this action is Dr. Lindner, a dentist at DVI. Plaintiff, who is confined at MCSP, has not shown that defendant Lindner can provide plaintiff with dental care. Nor has plaintiff shown that defendant Lindner has the authority to order staff at MCSP to

provide plaintiff with dental care. Plaintiff is not entitled to injunctive relief against defendant Lindner, and it appears that the request for injunctive relief included in plaintiff's complaint is moot. To the extent that plaintiff seeks injunctive relief against entities and individuals who are not defendants in this action, the court is unable to issue the injunctive orders plaintiff seeks because those entities and individuals are not parties to this action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's October 3, 2005 motion to dismiss be granted;

2. Plaintiff's October 19, 2005 motion seeking injunctive relief be denied; and

3. This action be dismissed without prejudice for failure to exhaust available administrative remedies prior to bringing the action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 5, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
flem2347.mtd